UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| KAREN N. TORRES O/B/O C.J.G. (a minor),<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>Defendant. | Case No. 2:16-CV-2088-GMN-EJY<br><br>**REPORT AND RECOMMENDATION**<br><br>Re: Motion for Reversal and Remand (ECF No. 20) |

This case involves judicial review of the administrative action, by the Commissioner of Social Security, denying Plaintiff's Social Security disability application for Title XVI supplemental security income ("SSI") on behalf of her son (the "Claimant"). Plaintiff filed her Complaint on May 17, 2017 (ECF No. 5). Defendant filed her answer on July 24, 2017 (ECF No. 16). Plaintiff's Motion for Reversal and Remand and Memorandum of Points and Authorities in Support of Motion ("Plaintiff's Motion") was filed on August 24, 2017 (ECF No. 20). Defendant's Cross Motion to Affirm and Response to Plaintiff's Motion for Reversal and Remand ("Defendant's Response") was filed on October 20, 2017 (ECF No. 26). Plaintiff's Reply was filed on November 9, 2019 (ECF No. 27).

**I.   PROCEDURAL BACKGROUND**

Plaintiff filed an SSI application on Claimant's behalf on November 2, 2012. Administrative Record ("AR") 148-155. On January 1, 2013, the state agency responsible for making decisions on behalf of the Social Security Administration ("SSA") denied Claimant's claim initially and on reconsideration. AR 80-81. On June 13, 2013, the SSA denied Plaintiff's application for SSI finding Claimant was not disabled. AR 94-97. On October 1, 2013, the SSA denied Plaintiff's request for reconsideration, affirming its decision that Claimant was not disabled. AR 101-104. Plaintiff requested a hearing before an Administrative Law Judge ("ALJ") on November 13, 2013, and that hearing took place on January 5, 2015. AR 105-07; 38-69. The ALJ issued his decision on March

15, 2015 (AR 15-37), and this decision became the final decision of the SSA when the Appeals Counsel denied Plaintiff's request for review on July 1, 2016. AR 1-3.

## II.   ISSUES PRESENTED

Plaintiff presents four issues that are intertwined. First, Plaintiff claims that the ALJ committed error when he failed to identify the weight he assigned to the opinions of Claimant's teacher.[1] Second, Plaintiff claims the ALJ's treatment of opinions provided by state consultants was error in light of treatment of other evidence and requirements. Third, Plaintiff claims that the ALJ's finding that Claimant has a "less than marked limitation" in his ability to move about an manipulate objects was error. Fourth, and finally, Plaintiff claims that the ALJ's finding that Claimant has a "less than marked limitation" in his ability to care for himself was error. Plaintiff states that if the ALJ made a finding of "marked limitation" in either of these two areas, Claimant would have been determined disabled and eligible for benefits.

## III.   LEGAL STANDARD

The decision of the Commissioner of Social Security (the "Commissioner") that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence in the record as a whole and the proper legal standards were applied. *Schneider v. Comm'r of Soc. Sec. Admin.,* 223 F.3d 968, 973 (9th Cir.2000); *Morgan v. Comm'r of Soc. Sec. Admin.,* 169 F.3d 595, 599 (9th Cir.1999). The findings of the Commissioner as to any fact, if supported by substantial evidence, are conclusive. *Miller v. Heckler,* 770 F.2d 845, 847 (9th Cir.1985). Substantial evidence is relevant evidence that a reasonable mind might accept as adequate to support a conclusion. *Osenbrock v. Apfel,* 240 F.3d 1157, 1162 (9th Cir.2001) (citing *Morgan,* 169 F.3d at 599); *Jones v. Heckler,* 760 F.2d 993, 995 (9th Cir.1985) (citing *Richardson v. Perales,* 402 U.S. 389, 401 (1971)).

A reviewing court must consider the entire record as a whole and weigh the evidence that supports as well as the evidence that detracts from an ALJ's conclusions. *Jones,* 760 F.2d at 995. If substantial evidence supports an ALJ's findings, or if there is conflicting evidence supporting a finding of either disability or non-disability, the findings of the ALJ are conclusive. *Sprague v. Bowen,* 812 F.2d 1226, 1229-30 (9th Cir.1987). The ALJ's conclusions may only be set aside if an

---

[1] When presenting this issue, Plaintiff leaves out the question of whether, if this error occurred, it was harmless.

2

improper legal standard was applied in weighing the evidence. *Burkhart v. Bowen,* 856 F.2d 1335, 1338 (9th Cir.1988). However, the Ninth Circuit recognizes that "harmless error applies in the Social Security context." *Stout v. Commissioner, Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006) (citation omitted). As explained in *Stout*, a harmless error is one "where the mistake was nonprejudicial to the claimant or irrelevant to the ALJ's ultimate disability conclusion." *Id*. at 1055.

When determining whether a child is disabled for purposes of SSI, an ALJ must apply the three step sequential evaluation process established under Title 20 of the Code of Federal Regulations, § 416.924.[2] The three step process requires the ALJ to determine whether (1) the claimant is currently engaged in substantial gainful activity, (2) the claimant has a medically determinable impairment or combination of impairments that is severe, and (3) the claimant's impairment or combination of impairments meets or medically equals the requirements of a listed impairment or functionally equals the listings. 20 C.F.R. § 416.924(b)-(d); *Nesmith ex rel. A.S. v. Astrue,* No. CV-07-217, 2008 WL 958206 *2 (E.D.Wash., Apr. 8, 2008). "The claimant bears the burden of establishing a prima facie case of disability." *Roberts v. Shalala,* 66 F.3d 179, 182 (9th Cir.1995).

Moreover, even if a child's severe impairment or combination of impairments does not meet or medically equal a listed impairment, a child may still be found disabled if his/her impairments result in limitations that functionally equal the listings. 20 C.F.R. § 416.926a(a). Functional equivalence requires an assessment of what the child cannot do, what the child has difficulty doing, what the child needs help doing, and what the child is restricted from doing because of his/her impairments. *Id.* When doing an assessment, an ALJ must consider "the interactive and cumulative effects" of all of the child's impairments for which evidence has been submitted, including impairments "that are not 'severe.'" *Id.* The ALJ must consider a child's functioning in all activities at home, school, and in the community to determine how appropriately, effectively, and independently a child performs.

---

[2] A child is disabled if he/she "has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(C)(i).

3

such activities "compared to the performance of other children … [the same age] who do not have impairments." 20 C.F.R. § 416.926a(b).

In order to establish that an impairment or combination of impairments is functionally equivalent to the listings, a claimant must show that his/her impairment or combination of impairments results in an extreme limitation in one area of functioning or marked limitations in two areas of functioning. 20 C.F.R. § 416.926a(d). The regulations identify six "areas of functioning intended to capture all of what a child can or cannot do." 20 C.F.R. § 416.926a(b)(1). The six areas are referred to as "domains" and include (1) acquiring and using information, (2) attending and completing tasks, (3) interacting and relating with others, (4) moving about and manipulating objects, (5) caring for oneself, and (6) health and physical well-being. *Id*.

A child has an extreme limitation in a domain if impairments:

> [i]nterfere very seriously with … [a child's] ability to independently initiate, sustain, or complete activities. … [D]ay-to-day functioning may be very seriously limited when … impairment(s) limits only one activity or when the interactive and cumulative effects of … impairment(s) limit several activities. 'Extreme' limitation also means a limitation that is 'more than marked.' 'Extreme' limitation is the rating we give to the worst limitations.

*Id*. at § 416.926a(e)(3)(i). A marked limitation is one in which the "impairment(s) interferes seriously with … [a child's] ability to independently initiate, sustain, or complete activities." *Id*. at 416.926a(e)(2)(i). A child's "day-to-day functioning may be seriously limited when … [his/her] impairment(s) limits only one activity or when the interactive and cumulative effects of your impairment(s) limit several activities. Marked limitation also means a limitation that is "more than moderate" but "less than extreme." *Id*. A "less than marked limitation" is not defined in 20 C.F.R. § 416.926a.

## IV.   APPLICATION

Claimant was born on December 1, 2007, and was almost five years old when his mother filed her application for SSI on November 2, 2012. AR 148-155. Plaintiff's application states that Claimant suffers from Autism and Asperger's syndromes. AR 149. It is undisputed that Claimant was a school age child at the time the ALJ considered disposition of his case. AR 21. There is no dispute that Claimant has not worked or otherwise engaged in substantial gainful activity at any time

relevant to the ALJ's decision. *Id.*; 20 C.F.R. § 416.924(b). There is also no dispute that Claimant has the following severe impairments: autism spectrum disorder and oppositional defiant disorder pursuant to 20 C.F.R. § 416.924(c).[3] AR 21.

The SSA found Claimant was not disabled because, after following the three step sequential process described above, the ALJ concluded that Claimant did not have "an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. § 416.924, 416.925, and 416.926)."[4] AR 21. The ALJ further found that "the Claimant does not have an impairment or combination of impairments that functionally equals the severity of the listings (20 C.F.R. § 416.924(d) and 416.296a)." *Id*. The ALJ explained that he considered the "whole child" and all evidence in the case including objective medical evidence, other relevant medical source evidence, information from other sources such as Claimant's teachers and IEP information, and testimony from Claimant's mother. AR 22-24.[5]

With respect to the six domains of functioning (20 C.F.R. § 416.926a), the ALJ found Claimant had "less than marked limitations" in (1) acquiring and using information, (2) attending and completing tasks, (3) moving and manipulating objects, (4) caring for himself, and (5) health and physical well being, and a "marked limitation" when (6) interacting and relating with others." AR 25-34.

---

[3]  "The claimant's impairments are severe because they more than minimally affect his ability to perform basic childhood activities."  AR 21.

[4]  "The medical evidence contained no findings that the claimant's impairments had reached a degree of severity that would meet or equal a listed impairment, specifically listing 112.02, 112.04,l 112.08, and 112.10."  AR 21.

[5]  Specifically, the ALJ considered (i) the testimony of Claimant's mother, Karen Torres; (ii) the February 23, 2013, mental health assessment by Marc Tedott, Ph.D.; (iii) the consultive evaluation of Kathleen S. Mayers, Ph.D., conducted at the request of the SSA on May 24, 2013; (iv) the Teacher Assessment completed on October 21, 2014; (v) Claimant's October 22, 2014 school progress report; (vi) Claimant's December 9, 2013 Individual Education Plain ("IEP"); (vii) the opinion evidence of Pastora Roldan, Ph.D., a state agency consultant who opined on June 11, 2013; and (viii) the opinions of Leslie Tolbert, Ph.D. and Susan Kotler, Ph.D., state agency consultants who reviewed Claimant's records in June 2013, and again on August 2013.  AR 22-34.

Plaintiff claims that the ALJ "erred in failing to find that Claimant exhibited a marked limitation in the fourth domain of moving about and manipulating objects and the fifth domain of caring for yourself." ECF No. 20 at 11:21-23.

Because there is no dispute regarding the ALJ's findings in four of the six domains, these findings are substantially summarized below. The two domains in which there are disputes are discussed in greater detail.

### A. Four domains in which the ALJ's findings are not disputed

#### 1. *Acquiring and Using Information*

The ALJ found Claimant has "less than marked limitation in acquiring and using information." AR 26. The ALJ based this decision on consideration of what this domain involves,[6] the testimony of Claimant's mother, the May 24, 2013 examination by Kathleen S. Mayers, Ph.D., Claimant's December 9, 2013 IEP, the October 21, 2014 Teacher Assessment completed by Claimant's first grade teacher Christina Barragan (AR 219), and Claimant's October 22, 2014 school progress report showing Claimant received A's in all subjects. AR 224. Plaintiff does not seek review of this finding and the record demonstrates that substantial evidence supports this the ALJ's conclusion.

#### 2. *Attending and Completing Tasks*

The ALJ found Claimant has "less than marked limitations in attending and completing tasks."[7] AR 28. The determination on this domain was based on the ALJ's review of Claimant's December 9, 2013 IEP, and the October 22, 2014 Teacher Assessment. Claimant's first grade teacher found Claimant was able to complete most tasks independently. AR 220. While the IEP and the Teacher Assessment noted some difficulties (AR 220 and 226), Claimant's teacher found an "obvious problem" in only one of thirteen areas of the assessment. AR 220. In the twelve other

---

[6] "This domain involves how well children perceive, think about, remember, and use information in all settings, which include daily activities at home, at school, and in the community." 20 C.F.R. § 416.926a(g) and SSR 09-3p.

[7] The attending and completing tasks domain "considers how well a child is able to focus and maintain attention, and how well he is able to begin, carry through, and finish activities, including the mental pace at which he performs activities and the ease of changing activities." AR 26 *citing* 20 C.F.R. § 416.926a(h) and SSR 09-4p. A child's ability to avoid impulsive thinking, prioritize competing tasks, and manage time is also part of this domain. *Id.*

6

functional assessment areas in this domain, the teacher found either no problem or a slight problem. *Id*. Claimant's mother completed a Child Function Report on February 22, 2013, noting that Claimant had limitations in his ability to pay attention and stick to a task, but that he was able to watch television, and pay attention to music or games and read aloud for 15 minutes. AR 192.

Here, although one could argue that there is evidence that supports a finding of either disability or non-disability, Plaintiff does not seek review of this finding by the ALJ. Moreover, in the absence of any evidence that an improper legal standard was applied in weighing the evidence, the ALJ's findings are conclusive and cannot be overturned. *Sprague,* 812 F.2d at 1229-30.

### 3. *Interacting and Relating with Others*

Plaintiff takes no issue with the ALJ's finding that Claimant has a "marked limitation" in this domain.[8] AR 30; ECF No. 20 at 11:21-23. In deciding that Claimant has a marked limitation when interacting and relating with others, the ALJ considered his mother's February 22, 2013 Child Function Report in which Plaintiff said Claimant's impairments affect his behavior with other people; and, the Claimant does not share toys, take turns, play pretend, or play games like hide and seek. AR 29 *citing* AR 191. However, the Plaintiff stated Claimant does enjoy being around other children his same age, showed affection to his parents and other children, and played board games. *Id*. Other information from Plaintiff regarding Claimant included: that his speech can be understood most of the time; Claimant had phonics problems being addressed in school; and, Claimant did not or could not talk about what he was doing, take part in conversations with other children, ask for what he wanted, talk about activities that happened in the past, deliver telephone messages, or tell a made up story. AR 29 *citing* AR 188-89.

The ALJ also considered the May 24, 2013 report received from Dr. Mayers, the December 9, 2013 IEP, testing completed on December 4, 2013, and the Teacher Assessment (sometimes the "Assessment") completed on October 21, 2014 by Claimant's first grade teacher. AR 29-30. The Assessment, at AR 221, cited by the ALJ at AR 30, notes that Claimant has "obvious problems" in

---

[8] "This domain considers how well a child is able to initiate and sustain emotional connections with others, develop and use language of the community, cooperate with others, comply with rules, respond to criticism, and respect and take care of the possessions of others. Interacting and relating with others relates to all aspects of social interaction at home, at school, and in the community." AR 28 *citing* 20 C.F.R. § 416.926a(i) and SSR 09-5p.

7

four of the thirteen functional assessment areas in this domain, "slight problems in four additional functional assessment areas in this domain, and no problem in five areas of this domain.

Plaintiff does not seek a review of the ALJ's finding in this area (ECF No. 20 at 11:21-23), and there is clearly substantial, relevant evidence to support the conclusion that Claimant has "marked limitations" when interacting with others.

### *4.    Health and Physical Well Being*

The domain of health and physical well being requires an ALJ to consider "the cumulative effects of physical and mental impairments and any associated treatments or therapies on a child's health and functioning that were not considered in the evaluation of the child's ability to move about and manipulate objects." AR 33. This domain looks at "how recurrent illness, side effects of medication, and the need for ongoing treatment affect the child's health and sense of physical well-being." *Id. citing* 20 C.F.R. § 416.929a(l) and SSR 09-8p. Plaintiff does not take issue with and does not seek review of the ALJ's finding that Claimant has less than marked limitations in this domain. AR 34; ECF No. 20:21-23. Nevertheless, what is interesting about this finding by the ALJ is that he did *not* adopt the opinions of the two state agency consultants, Drs. Tolbert and Kotler, who found no limitation in this area. AR 24, *compare* AR 87. The ALJ rejected the state consultants' conclusion of no limitation, finding instead that "medical records" support a "less than marked limitation … based on [C]laimant's eating disorder, obesity, and unwillingness or inability to control his bladder and bowel movements." AR 24; *see also* AR 33-34 *citing* AR 252, 255, 285. Again, Plaintiff does not challenge this conclusion of the ALJ. ECF No. 20 at 11:21-23.

B.    <u>Two domains in which the ALJ found less than market limitations with which Plaintiff disagrees</u>

Plaintiff is correct that having found Claimant has a marked limitation in one domain, Claimant would be disabled and eligible for SSI had the ALJ found Claimant has a marked limitation in a second domain. 20 C.F.R. § 416.926a(a); ECF No 20 at 11:17-19. Plaintiff argues that the ALJ failed to "indicate the weight, if any," that was given to the opinion of Claimant's first grade teacher, Ms. Barragan. ECF No. 20 at 13:6-7. Plaintiff cites to *Snyder ex rel. Walker v. Comm'r of Soc. Sec.*, No. 2:12-cv-0186, 2013 WL 1324285 *4 (E.D.Cal., April 2, 2013) (remanding case because

8

the "ALJ failed to provide germane reasons for implicitly discounting the opinions of plaintiff's teachers"). Of course, in *Snyder* "[t]he ALJ did not discuss the opinions of [claimant's] teachers in his decision" at all. *Id*. And, the Court found that the ALJ's failure was "not harmless." *Id*.[9] As explained above, a harmless error is one "where the mistake was nonprejudicial to the claimant or irrelevant to the ALJ's ultimate disability conclusion." *Stout*, 454 F.3d at 1055. Here, Plaintiff concedes that the statements of Claimant's teacher are "summarized" throughout the ALJ's opinion, but because the ALJ failed to specifically identify the weight given to the teacher's statements, Plaintiff apparently contends that the ALJ committed reversible error. ECF No. 20 at 13:6-17. At no point, however, does Plaintiff discuss whether, assuming the failure to identify the weight given to Claimant's teacher was reversible error, the error was harmless.

Plaintiff also contends that the ALJ committed reversible error regarding his treatment of opinions offered by state consultants, Drs. Tolbert and Kolter. ECF No. 20 at 14:24. First, Plaintiff contends that the ALJ erred when he gave "partial weight" to Dr. Mayers, who examined Claimant, and "significant weight" to the state consultants, who did not examine Claimant. *Id.* at 15:3-12. Plaintiff fails to point out that the ALJ rejected the state consultants' opinion that Claimant had no limitation in moving about and manipulating objects, rendering this error, if it was one, harmless. AR 24 and 31. Second, Plaintiff contends that the ALJ committed error when he failed to explain a discrepancy between the state consultants' opinions and the residual functional capacity ("RFC") determination. ECF No. 20 at 15:13–16:2. However, RFC capacity does not apply to determinations of childhood disability. 20 C.F.R. § 416.924. Third, Plaintiff argues that the records reviewed by the state consultants was incomplete and, therefore, the ALJ should not have afforded their opinions significant weight. ECF No. 20 at 16:3-21. Here, Plaintiff misses the fact that the ALJ took into consideration the materials received subsequent to the state consultants' opinions and disagreed not

---

[9] Specifically, the court in *Snyder* stated that "[t]he Ninth Circuit Court of Appeals has explained that lay testimony as to a claimant's symptoms and functional limitations is 'competent evidence that the ALJ must take into account" and *"cannot* be disregarded without comment.'" 2013 WL 1324285 *4 *citing Molina v. Astrue,* 674 F.3d 1104, 1114 (9th Cir.2012) (emphasis in original) (citation and quotation marks omitted). "To discount competent lay witness testimony, the ALJ 'must give reasons that are germane to each witness.'" *Id.* "However, the ALJ is not necessarily required 'to discuss every witness's testimony on an individualized, witness-by-witness basis. Rather, if the ALJ gives germane reasons for rejecting testimony by one witness, the ALJ need only point to those reasons when rejecting similar testimony by a different witness.'" *Id.*

9

only with their ultimate finding as to the domain of moving about and manipulating objects, but also in the area of health and physical well being. AR 24, 31, and 33-34.

> *1.    The ALJ's finding that Claimant suffers from a less than marked limitation in moving about and manipulating objects*

With respect to Claimant's less than marked limitation in moving about and manipulating objects, the ALJ cited to the Claimant's mother who, in a Child Function Report dated February 22, 2013, stated the Claimant had no physical limitations. AR 31 *citing* AR 191. Claimant's mother also testified at the hearing before the ALJ on January 5, 2015, stating that Claimant was able to work on a computer, use a mouse, type some, use his fingers, and write his name and numbers, but does not hold a pen or pencil the right way. AR 41, 61-62. The ALJ further cites to Dr. Mayers' May 24, 2013 examination of Claimant noting that Claimant "enjoys little cars, lining things up, the computer, TV occasionally, … stuffed animals [and] … is able to use a computer." AR 263. Dr. Tedott's treatment notes from Southwest Medical Associates, to which the ALJ cites, are dated June 24, 2014, and detail a "well check" for Claimant. AR 270. These notes state that Claimant is able to "balance on 1 foot, hop[], skip[], [and] tie [a] knot." *Id*. Finally, the ALJ cites to Ms. Barragan, Claimant's teacher, and her Teacher Assessment dated October 21, 2014. AR 31. The ALJ notes that Ms. Barragan found Claimant "had some slight and some obvious problems moving about and manipulating objects." *Id*. This evidence is confirmed by Dr. Mayers' report indicating that Claimant tended to be very awkward. AR 261. Claimant's teacher also stated on her Assessment that Claimant walks on his tip toes, sometimes lost his balance, wanted to run everywhere, and has difficulty holding a pencil and using a scissor. AR 270.

The ALJ concluded, after citing all this evidence, that Claimant had less than marked limitation on moving about and manipulating objects. *Id*. The ALJ did not state what weight he afforded Claimant's teacher; however, he does discuss the weight given to Claimant's mother whom he found "persuasive" except as to the severity of Claimant's impairments. AR 22. The ALJ also stated that he gave Dr. Mayers "some partial weight . . . because . . . [her report] is based upon an in-person examination, but the opinion itself is somewhat vague and unclear as to the degree and specifics of claimant's limitations." AR 24; *see also* AR 260 through 265 (in which Dr. Mayers

1    makes no finding on any domain considered for a childhood disability determination).  However,
2    when reaching his conclusion that Claimant has a less than marked limitation in this domain, the
3    ALJ cited to Dr. Mayers' findings and rejected those of the state consultants.  AR 24 and 31.

4    Specifically, while the ALJ gave significant weight to the opinions of Drs. Tolbert and
5    Kolter, who are state agency consultants "because the doctors based their opinions upon a review of
6    the medical records and the opinions are generally consistent with one another and the medical
7    records," he did not accept the state agency consultants opinions wholesale.  AR 24.  The ALJ
8    expressly disagreed with their conclusion regarding Claimant's limitations when moving about and
9    manipulating objects.  *Id*. and AR 33.  Specifically, the ALJ rejected the state consultants' opinion
10   that Claimant has no limitation in this area and found, instead, that Claimant has "less than marked
11   limitation" in this domain.  *Id*.

12   Plaintiff next argues that because the teacher (i) saw Claimant Monday through Friday from
13   9 a.m. until 3:21 p.m., (ii) believed Claimant had "obvious problems" carrying out multi-step
14   instructions, "gets fixated on things" and "needs to be redirected" (functions and opinions listed
15   under the "attending and completing tasks" domain at AR 220), (iii) had obvious problems relating
16   experiences and telling stories, using language appropriate to the situation and listener, introducing
17   and maintaining relevant and appropriate topics of conversation, and taking turns in a conversion
18   (functions and opinions listed under the "interacting and relating with others" domain at AR 221),
19   and (iv) noted two of seven functional areas in the moving about and manipulating objects domain
20   as "obvious problems" (including demonstrating strength, coordination and dexterity in activities or
21   tasks, and showing a sense of body's location and movement in space at AR 222), Claimant should
22   have been rated as having a "marked limitation" in the domain of moving about and manipulating
23   objects.  ECF No. 20 at 13:18 - 14:16.

24   However, the ALJ expressly discussed and consider Claimant's teacher's Assessment when
25   he stated she found Claimant "had some slight and some obvious problems moving about and
26   manipulating objects"; and, that Claimant walks "on his tip toes and as a result, sometimes lost his
27   balance, … wanted to run everywhere, and … had difficulty holding a pencil and using a scissor."
28   AR 31 *citing* AR 222.  In fact, the administrative record reflects that the ALJ considered all the

evidence noting what he rejected or discounted. The ALJ did not discount the opinion of Claimant's teacher as was found in *Snyder*. 2013 WL 1324285 *4. Rather, the ALJ looked at the totality of the evidence, without discussing all witness-by-witness evidence. *Id.*; AR 30-31. Again, the only opinions the ALJ rejected was that of the state consultants who the ALJ found reached a conclusion that was contrary to the medical record. AR 24. Thus, the question that remains is whether the failure to identify the specific weight afforded to the opinions of Claimant's teacher was harmless.

The Code of Federal Regulation that speaks to evaluating a child's ability to move about and manipulate objects states, in relevant part:

> In this domain, we consider how you move your body from one place to another and how you move and manipulate things. These are called gross and fine motor skills.
>
> (1) *General.* (i) Moving your body involves several different kinds of actions: Rolling your body; rising or pulling yourself from a sitting to a standing position; pushing yourself up; raising your head, arms, and legs, and twisting your hands and feet; balancing your weight on your legs and feet; shifting your weight while sitting or standing; transferring yourself from one surface to another; lowering yourself to or toward the floor as when bending, kneeling, stooping, or crouching; moving yourself forward and backward in space as when crawling, walking, or running, and negotiating different terrains (e.g., curbs, steps, and hills).
>
> (ii) Moving and manipulating things involves several different kinds of actions: Engaging your upper and lower body to push, pull, lift, or carry objects from one place to another; controlling your shoulders, arms, and hands to hold or transfer objects; coordinating your eyes and hands to manipulate small objects or parts of objects.
>
> (iii) These actions require varying degrees of strength, coordination, dexterity, pace, and physical ability to persist at the task. They also require a sense of where your body is and how it moves in space; the integration of sensory input with motor output; and the capacity to plan, remember, and execute controlled motor movements.

20 C.F.R. § 416.926a(j).

In sum, although Claimant's teacher noted an obvious problem with demonstrating strength, coordination, and dexterity, as well as in Claimant's sense of body location and movement in space, she did not indicate Claimant had any serious or very serious problems in this domain. AR 222. The teacher notes that Claimant had no problem "integrating sensory input with motor output" or "planning, remembering, executing controlled motor movements." *Id*. The teacher also noted only a slight problem with Claimant moving his body from one place to another, moving and

manipulating things, and managing the pace of physical activities and tasks. AR 222. These opinions are consistent with those of Claimant's mother who stated that Claimant had no physical limitations (AR 191), and that Claimant was able to work on a computer, use a mouse, type some, use his fingers, can write his name and numbers, but does not hold a pen or pencil the right way. AR 41, 61-62. The ALJ's determination that Claimant had a less than marked limitation in moving about and manipulating objects is also consistent with the treatment notes finding in June 2014, Claimant could hop, skip, balance on one foot, and tie a knot (AR 31) and Dr. Mayers' findings that Claimant enjoyed little cars, lining this up, using the computer, and chased the dog around. *Id*.

Further, Plaintiff's argument that the ALJ erred in weighing the opinions of state consultants so heavily (ECF No. 20 at 15:3-12) simply lacks merit. In fact, all the evidence the ALJ did consider from Claimant's teacher and Dr. Mayers (Claimant walked on his tip toes, sometimes loses his balance, wants to run everywhere, and had difficulty with holding a pencil and scissors) is clearly the reasons the ALJ *rejected* the state consultants' opining, which stated Claimant had no limitation in this domain. AR 24. Again, the ALJ instead found Claimant had a less than marked limitation in moving about and manipulating objects. *Id*.[10]

There is substantial evidence supporting the ALJ's findings that Claimant had a less than marked limitation in moving about and manipulating objects. To the extent there is some additional evidence one could argue that supports a finding of a marked limitation in this area, the Court cannot substitute its judgment for that of the ALJ. *Estrada ex rel. J.E. v. Astrue*, No. CV-10-3117, 2012 WL 3779917 *2 (E.D.Wash., August 31, 2012) (citation omitted). Reasonable minds would accept the relevant evidence offered in this dispute as adequate to support the ALJ's conclusion. Thus, the

---

[10]   Plaintiff also argues that the ALJ committed error when he did not explain a discrepancy between opinions of the state consultants and the residual functional capacity ("RFC") determination. ECF No. 20 at 15:13-14. Child disability cases do not use an RFC determination. 20 C.F.R. § 416.924. Therefore, Plaintiff's reliance on this argument has no merit. With respect to Plaintiff's argument that the state consultants should "not have been given 'significant weight" and especially not more weight than the consulting examiner, this too fails, because Claimant's consulting examiner, Dr. Mayers' opinions, while not specific, were clearly given weight in reaching the determination when the ALJ found the state consultant's opinion on moving about and manipulating objects was wrong. AR 24 and 31. Finally, regarding Plaintiff's argument that the records provided to the state consultants were incomplete because they lacked the December 2013 IEP notes and Ms. Barragan's October 2014 Teacher Assessment, this is true, but harmless given that the ALJ did not follow the consultants' findings that Claimant had no limitation in the area of moving about and manipulating objects, and that he relied on the information provided after the consultants offered their opinions. AR 24 and 31.

Court finds that the ALJ's failure to specifically identify the weight afforded to Plaintiff's teacher's lay opinions was harmless.

> 2. *The ALJ's determination that Claimant has a less than marked limitation in caring for himself*

The ALJ found that Claimant has a less than marked limitation in the domain of caring for himself. AR 32. This determination was based on the Child Function Report completed by Claimant's mother on February 22, 2013, Dr. Mayers' May 24, 2013 report, the June 24, 2014 treatment notes from Dr. Tedott at Southwest Medical, and the October 21, 2014 Teacher Assessment completed by Claimant's first grade teacher. AR 32-33. The ALJ's conclusion did not note any reliance whatsoever on the state consultants' opinions. *Id.*

The Code of Federal Regulation regarding this domain states, in pertinent part:

> In this domain, we consider how well you maintain a healthy emotional and physical state, including how well you get your physical and emotional wants and needs met in appropriate ways; how you cope with stress and changes in your environment; and whether you take care of your own health, possessions, and living area.
>
> \*\*\*
>
> *School-age children (age 6 to attainment of age 12).* You should be independent in most day-to-day activities (e.g., dressing yourself, bathing yourself), although you may still need to be reminded sometimes to do these routinely. You should begin to recognize that you are competent in doing some activities and that you have difficulty with others. You should be able to identify those circumstances when you feel good about yourself and when you feel bad. You should begin to develop understanding of what is right and wrong, and what is acceptable and unacceptable behavior. You should begin to demonstrate consistent control over your behavior, and you should be able to avoid behaviors that are unsafe or otherwise not good for you. You should begin to imitate more of the behavior of adults you know.

20 C.F.R. § 416.926a(k) and (k)(2)(iv).

In her moving papers, Plaintiff appears to argue that substantial evidence does not support the ALJ's conclusion that Claimant suffers from a less than marked limitations in his ability to care for himself.[11] In fact, Plaintiff just concludes that "[t]he evidence supports a finding that Claimant

---

[11] Plaintiff does not state this clearly in his brief. EFC No. 20 at 18:26 – 19:25.

has a marked limitation in caring for yourself." *Id*. at 19:24-25.[12] To this end, Plaintiff cites to AR 52, 245, 252, 255, and 270 as evidence that Claimant is not "potty trained," uses pull ups, often has accidents, and sometimes does not want to move from the computer. These pages are summarized below.

Claimant's mother testified that Claimant wets the bed, she must give him a bath, and direct Claimant to "do everything" such as getting out his clothes, brushing his teeth, and doing his hair. AR 52. A January 2012 progress note from Southwest Medical states Claimant is not potty trained. AR 255. Page 245 is part of Claimant's initial mental health assessment from February 2012, in which Dr. Tedott reports Claimant was not potty trained. Page 252 of the Administrative Record is a January 2013 report from Dr. Tedott at Southwest Medical, which states that Claimant "knows how to use the toilet but is too lazy too [sic] because he likes to remain playing his computer games. He is wearing pull ups." Finally, as of June 2014, Dr. Tedott states that Claimant's mother reports a two month history of Claimant's inability to hold his bowels, and has accidents at home and at school. AR 270.

The ALJ took note of all the limitations identified in Claimant's mother's testimony (AR 32) including Claimant's bed-wetting, Claimant's two-month history of an inability to control his bladder as reported in Southwest Medical's June 2014 notes, and Dr. Mayers' May 24, 2013 report stating Claimant "has accidents through the night and wore pull-ups." AR 33. However, the ALJ also noted that Dr. Mayers' report indicated "[C]laimant was dressed and groomed nicely and neatly" and that "Claimant was able to clean and dress himself in about 30 minutes with one or two reminders from his mother." AR 33. The October 21, 2014 Teacher's Assessment, on which the ALJ also relied, states Claimant has *no* problem caring for himself. AR 33 and 222. Having taken all this information into consideration, the ALJ determined that Claimant had a less than marked limitation in caring for himself. AR 33.

While the ALJ does not expressly state his reasoning, the law makes clear that "[s]ubstantial evidence is defined as being more than a mere scintilla, but less than a preponderance." *Estrada*, 2012 WL 377917 *2 (citation omitted). If a reasonable mind might accept the relevant evidence as

---

[12] Plaintiff makes his argument clearer in her Reply. ECF No. 27 at 3:8 – 4:9.

1  adequate to support the ALJ's conclusion, then there is sufficient evidence to sustain the ALJ's
2  finding. *Id*. (citation omitted). Importantly, "[w]here the evidence is susceptible to more than one
3  rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be
4  upheld." *Thomas v. Barnhart*, 278 F.3d 947. 954 (9th Cir. 2002); *Sprague*, 812 F.2d at 1229-30.

It is undisputed that no professional has opined that Claimant has a marked limitation in caring for himself. *See* Administrative Record generally. Nonetheless, Plaintiff contends that, in addition to the evidence discussed above upon which the ALJ relied, there is historic evidence of Claimant hitting his head on walks or floors. AR 66. However, Claimant's mother testified that this behavior is resolved. *Id*. Plaintiff also cites to testimony from Claimant's mother that Claimant moves from side to side and is "constantly moving back and forth" when he is talking. AR 59. However, Plaintiff offers nothing to support the conclusion that this behavior interferes with Claimant's ability to care for himself. Further, while the testimony states that Claimant moves whenever he is talking, his mother also said that when he is doing tasks such as math, he can focus and not distract others. AR 60. Plaintiff points to page 222 of the Administrative Record in support of her contention that substantial evidence does not support the ALJ's findings as to Claimant's less than marked limitation in the domain of caring for himself; however, as stated above this page shows Claimant's teacher stated "no problems observed in this domain."

Finally, Plaintiff cites to Claimant's December 9, 2013 IEP (AR 227), February 2012 initial Mental Health Assessment, January 2013 IEP (AR 245 and 247), November 8, 2012 Therapist Working Notes (AR 251), January 2013 Progress Notes from Southwest Medical (AR 252-53), May 2013 report from Dr. Mayers (AR 260-61), and an August 2013 Progress Note from Southwest Medical (AR 285) for support that Plaintiff moves from place to place, rocks back and forth when seated, makes rapid darting movements, flaps his hands and arms, has been overweight with poor eating habits, and has difficulty sleeping. ECF No. 27 at 4:2-5. Plaintiff makes the conclusory statement that "[a]ll this evidence supports the finding that Claimant has a marked limitation in caring for himself." ECF No. 27 at 4:7-8. Again, however, Plaintiff makes no argument and cites to no case law that demonstrates that any of this behavior interferes with Claimant's ability to care for himself. *See Carmickle v. Comm'r, Soc. Sec. Admin.,* 533 F.3d 1155, 1161 n. 2 (9th Cir.2008)

16

1  (court need not address issues not briefed with specificity). Moreover, the ALJ did not ignore this
2  evidence (AR 29-30) instead reviewing these facts, but instead considered them within the proper
3  domains. *See Cody v. Colvin*, No. 12–CV–0457, 2014 WL 1418305 *5-6 (E.D. Washington. April
4  14, 2014).

5  Plaintiff has the burden of demonstrating not only that the ALJ erred, but that the error caused
6  a "substantial likelihood of prejudice." *McLeod v. Astrue,* 640 F.3d 881, 887–88 (9th Cir. 2011).
7  The ALJ cited to substantial evidence supporting his conclusion that Claimant's limitation in caring
8  for himself was affected by a less than marked limitation and the Court, in the absence of argument
9  or case law to the contrary, having considered the record as a whole and weighed the evidence that
10 supports as well as the evidence that detracts from an ALJ's conclusions, finds a reasonable mind
11 might accept the evidence as adequate to support the conclusion reached. *Jones,* 760 F.2d at 995.
12 To the extent that Plaintiff cites to conflicting evidence supporting a finding that Claimant suffers
13 from a marked limitation in caring for himself, the ALJ's findings are nonetheless conclusive.
14 *Sprague,* 812 F.2d at 1229-30.

15 **V.     CONCLUSION**

16 The record in this case supports the ALJ's opinion that Claimant suffers from a less than
17 marked limitation in the domain of moving about and manipulating objects. This conclusion is
18 supported by substantial evidence offered by Claimant's mother and teacher, as well as Dr. Mayers
19 and Dr. Tedott at Southwest Medical. The ALJ's failure to identify the specific weight afforded to
20 the opinions and statements of Claimant's teacher was harmless error. Plaintiff's argument
21 regarding the weight afforded to the opinions of the state consultants was meritless because the ALJ
22 disregarded these opinions where they were contradicted by the medical record. Plaintiff's argument
23 that substantial evidence does not support the ALJ's conclusion regarding Claimant's ability to care
24 for himself also fails. The ALJ's conclusion was supported by substantial evidence including that
25 no medical or non-medical opinion found Claimant has a marked limitation in this area of
26 functioning. Instead, Plaintiff cites to evidence regarding specific behaviors, some of which were
27 resolved, some of which were considered in other domains, and none of which are discussed by
28 Plaintiff for the purpose of demonstrating a marked limitation in Claimant's ability to care for

himself. Claimant's teacher, upon whom Plaintiff heavily relies, found no limitation in this domain. As such, Plaintiff did not meet her burden of showing that there was an error by the ALJ that resulted in prejudice.

Accordingly,

## VI. RECOMMENDATION

IT IS HEREBY RECOMMENDED that the Plaintiff's Motion for Reversal and Remand (ECF No. 20) be DENIED and that the Defendant's Cross-Motion to Affirm (ECF No. 26) be GRANTED.

## VII. NOTICE

Pursuant to Local Rule IB 3–2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED: September 12th, 2019

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE