# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

KAREN TORRES, on behalf of C.J.G. (a minor),

        Plaintiff,

vs.

ANDREW SAUL,

        Defendant.

Case No.: 2:16-cv-02088-GMN-EJY

**ORDER**

Pending before the Court is the Motion to Remand, (ECF No. 20), filed by Plaintiff Karren Torres ("Plaintiff") on behalf of her son C.J.G. ("Claimant"). Also pending before the Court is the Cross-Motion to Affirm, (ECF No. 26), filed by Defendant Andrew Saul ("Defendant"). These motions were referred to the Honorable Elayna J. Youchah, United States Magistrate Judge, for a report of findings and recommendations pursuant to 28 U.S.C. §§ 636 (b)(1)(B) and (C). Judge Youchah subsequently entered the Report and Recommendation ("Report"), (ECF No. 30), recommending Plaintiff's Motion be denied and Defendant's Cross-Motion be granted. Plaintiff timely filed an Objection, (ECF No. 31), to the Report, and Defendant filed a Response, (ECF No. 32).

**I.   BACKGROUND**

The parties do not object to the factual presentation in the Report. Therefore, the Court adopts the factual representation in the Report and will detail factual and procedural background in the discussion section of this Order as necessary to explain the Court's holding.

**II.   LEGAL STANDARD**

A party may file specific written objections to the findings and recommendations of a United States Magistrate Judge made pursuant to Local Rule IB 1-4. 28 U.S.C. § 636(b)(1)(B);

D. Nev. Local R. IB 3-2.  Upon the filing of such objections, the Court must make a *de novo* determination of those portions of the Recommendation to which objections are made. *Id.*  The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1); D. Nev. Local R. IB 3-2(b).

A federal court's review of an ALJ's decision on social security disability is limited to determining only (1) whether the ALJ's findings were supported by substantial evidence, and (2) whether the ALJ applied the proper legal standards. *Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996); *Delorme v. Sullivan*, 924 F.2d 841, 846 (9th Cir. 1991).  Substantial evidence is "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)).

## III. DISCUSSION

The Court now addresses Plaintiff's arguments *seriatim*.

### A. Harmless Error

The Ninth Circuit recognizes that "harmless error applies in the Social Security context." *Stout v. Commissioner, Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006) (citation omitted).  As explained in *Stout*, a harmless error is one "where the mistake was nonprejudicial to the claimant or irrelevant to the ALJ's ultimate disability conclusion." *Id.* at 1055.

Here, Plaintiff argues that the ALJ erred by not indicating what weight, if any, was given to the opinion of Ms. Barragan, Claimant's first grade teacher. (Obj. at 2, ECF No. 31).  The ALJ's decision shows Ms. Barragan's statements are summarized throughout; however, the decision does not specifically identify the weight the ALJ attributed to Ms. Barragan's statements. (*See* A.R. at 18–34, ECF No. 19).  In the Report, Judge Youchah indicates that while Plaintiff contends the ALJ erred, Plaintiff does not provide any analysis as to whether the

error was harmless. (R. & R. at 9, 17, ECF No. 30). Plaintiff's Objection to the Report summarily states that the error was not harmless but provides no further explanation. (Obj. at 2). Because Plaintiff fails to show that the ALJ's error, if any was committed, was not harmless, this argument fails. *McLeod v. Astrue,* 640 F.3d 881, 887–88 (9th Cir. 2011) (providing plaintiff has the burden of demonstrating not only that the ALJ erred, but that the error caused a "substantial likelihood of prejudice.").

Plaintiff next argues that the ALJ "says nothing about his opinion in relation to [state agency consultant] Dr. Roldan's opinion." (*Id.*). However, the ALJ summarized Dr. Rolan's opinions and indicated that he gave "significant weight to the opinions of the State agency consultant[s] . . . ." (A.R. at 24). The Court, therefore, finds this argument is without merit.

Plaintiff further contends that the ALJ's "opinion analysis is incomplete, not addressing the discrepancy between the State Agency opinions, the impact of the examining opinion's vagueness on the non-examining opinions, or the application, if any, of Ms. Barragan's opinion." (Obj. at 2–3). Regarding this argument, Judge Youchah explained that "Plaintiff fails to point out that the ALJ rejected the state consultants' opinion that Claimant had no limitation in moving about and manipulating objects, rendering this error, if it was one, harmless." (R. & R. at 9). Again, Plaintiff's Objection fails to provide any discussion as to whether the error was harmless. Plaintiff's argument is, therefore, unavailing.

### B.   Claimant's Ability to Move About and Manipulate Objects

Plaintiff next argues that Ms. Barragan's Teacher Assessment and Dr. Mayers's observations that Plaintiff has a poor grip with inability to use a pencil well, (A.R. at 261), support a finding that Claimant has a marked limitation, rather than a less than marked limitation, as the ALJ determined.

The Court finds that the ALJ's determination is supported by substantial evidence. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009) (explaining that substantial evidence is

"more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."). Indeed, in arriving at his determination, the ALJ considered a Child Function Report in which Plaintiff wrote that she felt that Claimant had no limitations in his physical abilities. (A.R. at 31). The ALJ also relied on treatment notes which indicated that Claimant was able to balance on one foot, skip, and tie a knot. (*Id.*). Additionally, the ALJ considered, *inter alia*, Ms. Barragan's Teacher Assessment in which she indicated that Claimant had some slight and some obvious problems in moving about and manipulating objects. (*Id.*). To the extent there is some additional evidence one could argue that supports a finding of a marked limitation in this area, the Court cannot substitute its judgment for that of the ALJ. *Estrada ex rel. J.E. v. Astrue*, No. CV-10-3117, 2012 WL 3779917 *2 (E.D. Wash., August 31, 2012) (citation omitted). As such, Plaintiff's Objection is overruled as to this argument.

### C. Claimant's Ability to Caring for Himself

Lastly, Plaintiff argues that the ALJ erred in finding Claimant has a less than marked limitation in the domain of caring for himself. In arriving at this conclusion, the ALJ cited, *inter alia*, Plaintiff's testimony; Claimant's two-month history of an inability to control his bladder as reported in Southwest Medical's June 2014 notes; Dr. Mayers's May 24, 2013 report stating Claimant "has accidents through the night and wore pull-ups," (A.R. at 33); Dr. Mayers's report indicating "[C]laimant was dressed and groomed nicely and neatly" and that "Claimant was able to clean and dress himself in about 30 minutes with one or two reminders from his mother," (A.R. at 33); and the Teacher's Assessment, in which Ms. Barragan states Claimant has no problem caring for himself, (A.R. at 33, 222).

Plaintiff argues that "[t]he ALJ did not adequately weight these facts in relation to one another. *Under the substantial evidence standard*, it would be unreasonable to conclude that Ms. Barragan was sufficiently informed as to how much help Claimant had in preparing for the

school day at home." (Obj. at 5).  Again, Plaintiff does not provide the Court an adequate basis to reject the ALJ's finding.  Simply pointing to some potentially contrary evidence does not suffice to show that an ALJ's decision is not supported by substantial evidence. *Cf. Shaibi v. Berryhill*, 883 F.3d 1102, 1108 (9th Cir. 2017).  It is for the ALJ to evaluate the record before him and make reasonable conclusions therefrom. *See, e.g.*, *Burch*, 400 F.3d at 679 ("Where evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld.").  The Court finds that the ALJ's finding is supported by substantial evidence.  Therefore, Plaintiff's objection is overruled.

### IV. CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Objection, (ECF No. 31), is **OVERRULED**.

**IT IS FURTHER ORDERED** that the Report and Recommendation, (ECF No. 30), is **ACCEPTED and ADOPTED in full**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Remand, (ECF No. 20), is **DENIED**, and Defendant's Cross-Motion to Affirm, (ECF No. 26), is **GRANTED**.

The Clerk of the Court shall enter judgment accordingly and close the case.

**DATED** this __28__ day of August, 2020.

_____
Gloria M. Navarro, District Judge
United States District Court